DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
SHINING J. HSU (CABN 317917)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7022
    FAX: (415) 436-6748
    shining.hsu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CELIA NIPPER, <br> KASEY NIPPER, and <br> PEACE HOUSE, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR FRAUDULENT TRANSFER** |

Plaintiff, UNITED STATES OF AMERICA, by and through its undersigned counsel, complains and alleges as follows:

**PARTIES**

1.    Plaintiff is the United States of America proceeding in its sovereign capacity under Title 28 United States Code Sections 1345, and 3301-3307.

2.    Defendant Celia Nipper *aka* Celia Arrand ("C. Nipper") is a resident of California, domiciled at her place of incarceration in the Northern District of California.

3.    Defendant Kasey Nipper ("K. Nipper"), C. Nipper's daughter, is also a resident of California, domiciled at 1965 Keswick Lane, Concord, California.

4.    Defendant Peace House, Inc. ("Peace House") is a California corporation with its principal place of business located at 1965 Keswick Lane, Concord, California.

Complaint                                                                          1

## JURISDICTION AND VENUE

5. This court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 3301-3307.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the present claim occurred in this judicial district, and a substantial part of the property that is the subject of this action is situated in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. The Defendants are located in Alameda and Contra Costa counties. The real property that is the subject of this action is located in Concord, Contra Costa County. Civil Local Rule 3-2(d) for the Northern District of California provides for the assignment to the San Francisco Division or the Oakland Division.

## BACKGROUND

8. On September 18, 2017, C. Nipper entered a guilty plea to a total of seven counts of wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344(2)), and filing of false tax returns (26 U.S.C. § 7206(1)). *See*, U.S. v. Celia Nipper, Case no. 16-CR-0043.

9. The court entered a judgment on March 26, 2018, and an amended judgment on May 8, 2018. The court sentenced C. Nipper to a prison term of 51 months, and ordered restitution of $2,362,469.00 to victims Marketlinx, Inc. ("Marketlinx") and the Internal Revenue Service.

10. The United States is authorized under federal law to collect restitution in favor of private parties, such as Marketlinx.

**A. K. Nipper and Peace House are Insiders to C. Nipper**

11. K. Nipper is C. Nipper's daughter.

12. Peace House is K. Nipper's alter ego because K. Nipper controls Peace House as its founder, sole officer, and sole director, and she treats Peace House's funds as her own.

13. K. Nipper formed Peace House as an allegedly nonprofit corporation in the State of California in May 2015. On information and belief, however, Peace House is not actually engaged in any charitable endeavors. K. Nipper has exercised dominion and control over Peace House's assets and operations at all times during Peace House's existence.

14. K. Nipper paid personal expenses out of Peace House's bank accounts.

Complaint 2

15.    K. Nipper took substantial assets from Peace House's bank accounts to purchase property titled in her individual name.

16.    K. Nipper and Peace House are therefore insiders to C. Nipper as defined by 28 U.S.C. § 3303(5).

**B.  Efforts to Conceal Assets**

17.    C. Nipper purchased real property located at 1965 Keswick Lane, Concord, California (the "Property") in 2009.

18.    The following is a timeline of relevant events:

| | |
|---|---|
| July 19, 2009 | C. Nipper purchases Property for $538,000 with mortgage of $403,000 |
| February 17, 2016 | C. Nipper arrested |
| March 8, 2017 | C. Nipper grants a deed of trust for $500,000 on Property to Peace House |
| September 18, 2017 | C. Nipper enters guilty plea |
| March 14, 2018 | C. Nipper sells Property to Peace House for $433,000 with mortgage of $455,000[1] |
| March 26, 2018 | Court enters judgment sentencing C. Nipper to 51 months imprisonment |
| May 8, 2018 | Court amends judgment to include $2,362,469 restitution and $700 assessment |
| December 2019 | Property valued at $1,030,000 |

19.    After C. Nipper was arrested in February 2016, she took two steps to conceal the Property and put its value beyond the reach of anticipated government efforts to collect restitution.  The first occurred on March 8, 2017, a year after she was arrested, and six months before pleading guilty, when C. Nipper conveyed a deed of trust on the Property to Peace House.  The second occurred on March 14, 2018, six months after pleading guilty, and 12 days before sentencing, when C. Nipper conveyed title of the Property to Peace House.

    a.    On March 8, 2017, a deed of trust was filed with the Contra Costa County Recorder's Office in the amount of $500,000 for the benefit of Peace House.  The deed of trust indicates the consideration was $500,000 borrowed by C. Nipper from Peace House.  However, there is no evidence that Peace House gave real value in exchange for the deed of trust.[2]  The deed of trust contains the signature of C. Nipper.

    b.    On March 14, 2018, a deed was filed with the Contra Costa County Recorder's

---

[1] The mortgagees are the Piacentine Revocable Inter Vivos Trust and the Silacci Family Trust.

[2] Peace House released its deed of trust for no consideration at the time of the March 8, 2017 sale.

Complaint                                               3

Office transferring ownership of the Property from C. Nipper to Peace House. The deed reflects the consideration for the conveyance was $433,000. The deed contains the signature of C. Nipper. The consideration was approximately $500,000 below market value.

### COUNT ONE
[Fraudulent Transfer in Violation of 28 U.S.C. § 3304(b)]

20. The Plaintiff re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. The Property constituted "property" of C. Nipper as that term is defined in the Federal Debt Collection Practices Act.

22. C. Nipper's conveyance on March 8, 2017 of a $500,000 deed of trust on the Property to K. Nipper via K. Nipper's alter ego Peace House constituted a "transfer" as that term is defined in 28 U.S.C. § 3301(8).

23. C. Nipper made the transfer with actual intent to hinder, delay, or defraud the United States' ability to collect its restitution judgment, as evidenced by the following facts:

   a. C. Nipper transferred property to her insider K. Nipper, through K. Nipper's alter ego Peace House;

   b. C. Nipper concealed the transfer by using the name of K. Nipper's corporation and alter ego Peace House;

   c. C. Nipper transferred property one year after her arrest and six months before pleading guilty;

   d. C. Nipper gratuitously granted Peace House a $500,000 lien on her Property; and

   e. C. Nipper was insolvent or became insolvent as a result of the transfer, as she had no significant assets approximately six months later.

### COUNT TWO
[Fraudulent Transfer in Violation of 28 U.S.C. § 3304(b)]

24. The Plaintiff re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. C. Nipper's conveyance of title on March 14, 2018 to the Property to K. Nipper via K. Nipper's alter ego Peace House constituted a "transfer" as that term is defined in 28 U.S.C. § 3301(8).

Complaint    4

26. C. Nipper made the transfer with actual intent to hinder, delay, or defraud the United States' ability to collect its restitution judgment, as evidenced by the following facts:

    a. C. Nipper transferred the Property to her insider K. Nipper, through K. Nipper's alter ego Peace House.

    b. C. Nipper concealed the transfer by using the name of K. Nipper's corporation and alter ego Peace House.

    c. C. Nipper transferred property six months after pleading guilty, and two weeks before she was first sentenced, when she would reasonably expect to be liable for criminal restitution payments.

    d. C. Nipper transferred the Property to Peace House for approximately $500,000 below market value.

    e. C. Nipper was insolvent or became insolvent as a result of the transfer, as she had no significant assets at approximately the time of the transfer.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, prays that:

1. The deed of trust on 1965 Keswick Lane, Concord, California, for the benefit of Peace House recorded March 8, 2017, be adjudged fraudulent and void to the extent necessary to satisfy the debt to the United States;

2. The transfer of title of 1965 Keswick Lane, Concord, California, to Peace House, recorded March 14, 2018, be adjudged fraudulent and void to the extent necessary to satisfy the debt to the United States;

3. Kasey Nipper and/or Peace House be required to execute and file with the Contra Costa County Recorder's office a deed for 1965 Keswick Lane, Concord, California, restoring Celia Nipper as the owner, and leaving Celia Nipper on the property title so long as her restitution debt remains, or until the house is sold;

4. The Plaintiff be awarded a judgment against the transferee(s), Kasey Nipper and/or Peace House, Inc. for the full amount of the fraudulent transfer, namely, the market value of the real property

at 1965 Keswick Lane, Concord, California, net of good faith mortgages, and for no more than the current amount of the restitution judgment owing, namely $2,362,469.00; and

     5.     For such other and further relief as the Court may deem proper.

DATED: January 13, 2020          Respectfully submitted,

                                      DAVID L. ANDERSON
                                      United States Attorney

                                      */s/ Shining J. Hsu*
                                      SHINING J. HSU
                                      Assistant United States Attorney